William R. Roy, J.
This is a motion by the plaintiffs for an order pursuant to CPLR 1003 joining the defendant, Liberty Mutual Insurance Company, as a party defendant to this motion and for an order pursuant to section 29 of the Workmen’s Compensation Law apportioning reasonable and necessary expenditures, including attorneys’ fees incurred by the plaintiff in effecting a recovery in the above-captioned action.
Plaintiffs effected settlement against the defendants, Marx and Hunt, in a claim for personal injuries in the amount of $7,500. Although the motion papers make reference to the payment by the defendant, Liberty Mutual Insurance Company, of workmen’s compensation benefits, in actuality, the defendant, Liberty Mutual Insurance Company, had a lien against the proceeds of the above settlement for disability benefits paid in the sum of $550. The court views the reference to workmen’s compensation benefits as merely a technical error and will proceed to the determination of this motion based upon the applicable provisions of the disability benefits provision of the Workmen’s Compensation Law.
In the 1975 Session of the Legislature a bill was introduced to amend subdivision 1 of section 227 of the disability benefits provision of the Workmen’s Compensation Law. The purpose of the amendment was to allow an apportionment of the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting a recovery in a third-party action. The amendment to this section of the Workmen’s Compensation Law was effective on the 10th day of June, 1975. The third-party action against the defendants, Marx and Hunt, was settled on the ninth day of September, 1975, when releases were executed by the plaintiffs to the defendants, Marx and Hunt.
Plaintiffs contend, in this motion, that because of the amendment to section 227 of the Workmen’s Compensation Law, the defendant carrier, Liberty Mutual Insurance Company, is obligated to pay its share of the reasonable and necessary expenditures, including attorneys’ fees, in effecting the settlement. The defendant, Liberty Mutual Insurance Company, contends that the amendment to the statute in question does not apply retroactively to cases commenced prior to its enactment.
*408 The Law Revision Commission in its recommendation to the Legislature pointed out several inequities in recommending the amendment to this section, as well as to section 29 of the Workmen’s Compensation Law. The commission pointed out that under the law prior to the amendment, provision was made whereby a carrier which commenced an action under section 29 or section 227 of the Workmen’s Compensation Law would be entitled to deduct one third of the recovery or settlement over and above its lien to compensate it for attorneys’ fees. The commission further pointed out that these provisions were enacted to encourage carriers to commence third-party actions where those receiving workmen’s compensation or disability benefits failed to do so. It was with a view toward fairness that the commission recommended the changes in sections 29 and 227 of the Workmen’s Compensation Law subsequently enacted by the Legislature.
The pertinent portions of the amendment to section 227 of the Workmen’s Compensation Law provided as follows: "1 * * * Should the employee secure a recovery from such third party, whether by judgment, settlement, or otherwise, such employee may apply on notice to such lienor to the court in which the third party action was instituted, or to a court of competent jurisdiction if no action was instituted, for an order apportioning the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employee and the lienor.”
It is significant to note that the amended provision took effect on the 10th day of June, 1975. This was the date on which the Governor signed the bill into law. There were no delay provisions in the amendments to the above sections and the act specifically provided it was to become effective "immediately”. (See L 1975, ch 190, § 3.)
Although the statute itself makes no reference to whether it is to be applied retroactively, an examination of that amendment and the recommendations of the Law Revision Commission indicate that it was the intent of the Legislature that the law become effective immediately upon its signing and apply to all pending cases in which a recovery had not been had by judgment, settlement, or otherwise. It is inconceivable that the Legislature would have made this law retroactive to apply to all cases that had been settled or otherwise disposed of prior to its effective date. What is clear is that the Legislature *409 intended that this amendment apply to all cases in which a recovery had not been had by judgment, settlement, or otherwise. If the Legislature had intended that the amendments to the Workmen’s Compensation Law not apply to cases presently pending it would have so stated. Examples of this legislative intent are found in the enactment of the no-fault provisions of the Insurance Law which state specifically that: "This act shall take effect on February first, nineteen hundred seventy-four and shall apply to the use and operation of motor vehicles in this state on and after such date”. (See L 1973, ch 13, § 321, subd 11.) In addition, in a recent amendment to CPLR article 14-A, which provides for the doctrine of comparative negligence in personal injury actions, the Legislature provided: "This article shall apply to all causes of action accruing on or after September first, nineteen hundred seventy-five.” (See L 1975, ch 69, § 1413.) Had the Legislature determined not to apply the amendments to the Workmen’s Compensation Law referred to above, to presently pending cases, it would have provided so in the enactment provisions of the law.
The court finds, therefore, that the amendment applies to all cases which have not been disposed of as indicated above.
Applying the above reasoning to the facts in the case at bar, it is clear that the amendment to subdivision 1 of section 227 of the Workmen’s Compensation Law applies to the settlement in the plaintiffs’ case against the defendants, Marx and Hunt, and that the plaintiffs are entitled to an equitable apportionment of the reasonable and necessary expenditures, including attorneys’ fees, incurred in effecting the settlement with the defendants, Marx and Hunt.
An examination of the papers in support of the motion reveals that the total settlement was in the amount of $7,500; total disbursements for the entire matter were $136; and attorneys’ fees in effecting the settlement in the amount of $2,500.
The court believes that a fair formula for determining the relative burdens of the plaintiffs and the defendant, Liberty Mutual Insurance Company, with respect to the settlement of this case would be as follows: Attorneys’ fees are to total settlement as "x” is to lien. This formula would dispose of the proportionate share of attorneys’ fees attributable to the lien of the defendant, Liberty Mutual Insurance Company.
As far as expenses are concerned, the court believes a fair *410 formula would be as follows: Total expenses are to total settlement as "x” is to lien.
Applying the above formulas to the case at bar, the court is of the opinion that the reasonable and necessary expenditures, including attorneys’ fees, incurred by the plaintiffs in their action against Marx and Hunt and apportioned to the lien of the defendant, Liberty Mutual Insurance Company, would be $183.25 for attorneys’ fees and $9.97 for disbursements, making a total equitable apportionment of $193.22.
Accordingly, the motion of the plaintiffs is granted by joining the defendant, Liberty Mutual Insurance Company, as a party defendant to this motion, and further that the said defendant, Liberty Mutual Insurance Company, should pay to the plaintiffs the sum of $193.22 representing reasonable expenses, including attorneys’ fees, in effecting the settlement of their action against the defendants, Marx and Hunt.